UHL, ET AL. *v.* DOWDEN, RECEIVER, ET AL.

[No. 27,322. Filed March 11, 1940.]

*Clarence W. Means* and *Paul Y. Davis,* both of Indianapolis, for appellants.

*Noel, Hickam, Boyd & Armstrong* and *John G. Rauch,* and *Frank B. Ross,* all of Indianapolis, for appellees.

FANSLER, J.—The appellants and the appellees William A. Brennan and Claude E. Hixon are real estate brokers. The appellee Dowden is receiver for a corporation which owned a certain piece of real estate. It appears from the various pleadings in the record that for several years the Mercantile Realty and Investment Company had been negotiating through the appellants, and the appellees who are real estate brokers, for the purchase of the real estate, and it was finally sold to

that company for $125,000, an amount which had been offered, and which the bidder was willing to pay, during all but the initial period of the negotiations. The sale was made pursuant to a written offer presented to the receiver by the appellants. It appears that a like offer had been previously submitted through the appellee Brennan, and at that time the court withheld approval hoping that a larger offer could be had. The offer last submitted contained a provision that it was conditioned upon the payment of a commission to the appellants, but it was agreed by the appellants, before the bid was accepted; that, in the event of sale, the receiver should be obligated for the payment of only one real estate commission, notwithstanding any of the terms of the bid, and that the dispute relating to the payment or division of the commission should be submitted to the court for trial, finding, and adjudication, "without any additional evidence being submitted." When this stipulation was made the verified claims of the appellants and of the appellee William A. Brennan, setting forth the services rendered by them in connection with the sale, were on file, and no evidence of any kind as to the services rendered, or the value thereof, had been introduced, unless the verified claims were to be considered as evidence. Thereafter Claude E. Hixon filed a verified claim showing services rendered by him in bringing about the sale, and it was agreed that he should be bound by the stipulation above referred to. The matter was submitted to the court, and the court made an allowance of one commission of $6,250, to be divided one-half to the appellants jointly, and one-fourth to appellees William A. Brennan and Claude E. Hixon.

The appellants assign four errors, none of which is sufficient to raise any question, except the one predicated upon the overruling of the motion for a new trial.

The specifications in the motion for a new trial are that the decision of the court is not sustained by sufficient evidence, that it is contrary to law, and that the court erred in assessing the amount of recovery of the appellants in that the amount awarded is too small.

None of the real estate brokers had an enforceable contract with the receiver for compensation for services, but the court seems to have believed that they had rendered valuable services in bringing about the disposition of the property, and that they should be compensated.

An examination of the record, and the stipulation that the dispute regarding the commission should be submitted to the court, "without any additional evidence being submitted," at a time when no evidence in the ordinary sense had been introduced or offered, would seem to indicate an understanding that the verified petitions of the parties describing in detail the services they had rendered to the receiver, and the other pertinent records of the court, were to be considered as evidence.

But the appellants contend that, under the stipulation and understanding of the parties, the court could not consider the verified claims, but could only look to the pleadings and records other than those claims; and that, since those records show that the appellee Brennan, "notwithstanding great effort, had wholly failed to consummate sale of the real estate," and that the appellants had at a later date accomplished it, there was no evidence to sustain a finding for any one but the appellants. But it is clear that the court was not making an allowance for services in procuring the consummation of the sale. The court seems to have considered that it was allowing compensation for

services which were valuable to the receiver in procuring a purchaser for the property. It is clear that the appellee Brennan actively negotiated with the purchaser, and brought to the receiver an offer of $125,000, which was rejected. He had also procured a previous offer of $75,000. It is true that the appellants brought in the final offer which was accepted, but this fact alone does not conclusively establish that they had rendered any more valuable service than that rendered by the appellee Brennan.

The trial court seems to have interpreted the stipulation and the conduct of the parties as contemplating that the facts set out in the verified claims should be taken to be true without any further proof, and to have reached a decision accordingly, and it cannot be said that such a conclusion is not justified.

It appears from the verified claim of the appellee Hixon that he was authorized to negotiate for the purchaser before either the appellants or the appellee Brennan came into the transaction; that he had desk-room with the appellants, and that he approached them and invited them to participate with him in the negotiations, upon an agreement that the resulting fee was to be divided, and that thereafter their negotiations were carried out in the name of the appellants, or some of them.

In the light of all of the facts disclosed in the proceeding, which was informal, and obviously intended to be informal, the distribution of the commission does not seem to have been in the least unfair to the appellants.

Judgment affirmed.

NOTE: Reported in 25 N. E. (2d) 776.